# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CR-00072-FDW-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) ADDENDUM TO ORAL ORDER |
| | ) |
| TOMMIE LEE WILLIAMS. | ) |
| | ) |

**THIS MATTER** is before the Court upon Defendant Tommie Lee Williams' Motion to Suppress. (Doc. No. 32). The Court previously issued an Oral Order denying Defendant's Motion. That Oral Order remains intact in its entirety. However, the Court now adds an additional reason why suppression is not appropriate in this case.

In this case, Officer Z. R. Cooper pulled over Katrina Viers's car in part based upon his visual estimation of Ms. Viers's speed at 33 to 35 miles per hour in a 25 miles per hour zone and his observation that the car dipped when traversing a speed bump. Defendant was ultimately arrested as a result of this stop. From Officer Cooper's experience, he believed that the dip of the car indicated that it has to slow down significantly upon crossing the speed bump, which indicated it was traveling in excess of the speed limit. Defendant argued that there was not probable cause for the traffic stop. In *U.S. v Sowards*, the court held that "the speed differential–i.e., the percentage difference between the estimated speed and the legal speed limit–may itself provide sufficient 'indicia of reliability' to support an officer's probable cause determination." 690 F.3d 583, 591 (4th Cir. 2012). "However, where an officer estimates that a vehicle is traveling in only slight excess of the legal speed limit, and particularly where the alleged violation is at a speed differential difficult for the naked eye to discern, an officer's visual speed estimate requires additional indicia of reliability to support probable cause." *Id.* at 592. In *Sowards*, an estimation of an automobile

driving at 75 miles per hour in a 70 mile per hour zone, a percentage variance of approximately 7%, was held to be insufficiently reliable to pull the car over for speeding. In the matter before the Court, Officer Cooper estimated that the car was moving in a 33 to 35 miles per hour range in a 25 miles per hour zone. Taken at 33 miles per hour, this amounts to a 32% increase.

The Court notes that *Sowards* cites *City of Kansas City v. Oxley*, 579 S.W.2d 113, 116 (Mo. 1979) as a supporting case. In *Oxley*, the court held that an officer's "uncorroborated opinion evidence" of a car moving at approximately 45 miles per hour in a 35 mile per hour zone was insufficient substantial evidence for a trier of fact to find that speeding had occurred beyond a reasonable doubt. This deviation is approximately 28.57% above the speed limit and is close to the differential in the present case. However, *Oxley* is distinguishable because it did not focus on whether there was probable cause for the traffic stop; rather *Oxley* focused on the much higher standard of beyond a reasonable doubt for a conviction.

More importantly, this Court need not address the issue of whether a 32% estimated speed deviation on its own is sufficiently reliable to support stopping a vehicle. In the present case, the dip of the car that Officer Cooper observed provided an additional indicia of reliability of Officer Cooper's speed estimate. As such, the Court finds that Officer Cooper's estimate that Ms. Viers's vehicle was exceeding the speed limit provides probable cause for the stop. For this reason, and the reasons stated in the Court's Oral Order, the Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED.

Signed: December 7, 2012

Frank D. Whitney
United States District Judge