UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00072-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| TOMMIE LEE WILLIAMS, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's motion "Requesting Compassionate Release Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) as Modified by the Frist [sic] Step Act of 2018." (Doc. No. 67). The Government has responded in opposition (Doc. No. 69).

Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district

1

courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release.").[1]

Defendant's one sentence motion fails to set forth any sufficient reason for this Court to reduce his sentence. First, he has failed to demonstrate he has exhausted his administrative remedies. However, given the duration for which this motion has been pending, the Court will presume without deciding that the administrative exhaustion requirement is satisfied. Second, Defendant fails to make *any* argument as to what grounds exist to justify the sentence reduction under any provision of 18 U.S.C. § 3582(c)(1)(A). Indeed, Defendant's motion makes no mention of any circumstances—much less "extraordinary and compelling reasons"—to justify a reduction in his imposed term of imprisonment. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). Third, Defendant makes neither argument nor reference to any applicable 18 U.S.C. § 3553(a) factors or post-sentencing mitigation conduct to support his request for a sentence reduction. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United

---

[1] Here, the Government has argued several factors within U.S.S.G. § 1B1.13 support its respective positions on Defendant's motion to reduce his sentence. Since the filing of the parties' briefs, however, the Fourth Circuit has explained it is error for a district court to apply U.S.S.G. § 1B1.13 unless a request for compassionate release is made "[u]pon motion of the Director of the Bureau of Prisons ["BOP']." United States v. McCoy, 981 F.3d 271, 281–83 (4th Cir. 2020) (holding that "There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."); see also Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (affirming denial of compassionate release motion "[n][otwithstanding the district court's error in applying USSG § 1B1.13" after explaining "Mr. Kibble filed his motion for compassionate release directly with the district court; the Director of the BOP did not submit it on his behalf. Accordingly, USSG § 1B1.13 did not apply to Mr. Kibble's request. The district court erred in holding otherwise."). It is undisputed Defendant, and not the BOP, filed the instant motion. The Court has accordingly reviewed the helpful but non-binding guidance from U.S.S.G. § 1B1.13, while also recognizing that this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." McCoy, 981 F.3d at 284 (quotation omitted; emphasis in original).

States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7, 2021) (applying Chavez-Meza and Martin to affirm decision in the district court denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)). Without any argument or evidence to support his motion, the Court declines to exercise its discretion to reduce Defendant's term of imprisonment.

IT IS THEREFORE ORDEREED that Defendant's Motion for Compassionate Release (Doc. No. 67) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: November 1, 2021

Frank D. Whitney
United States District Judge